In the Matter of JOSEPH ROLAND SALA (Also Known as J. ROLAND SALA), An Attorney, Respondent.

ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 29, 1960.

*Frank H. Gordon* of counsel (*Eric Nightingale,* attorney), for petitioner.

*Joseph Roland Sala,* respondent in person.

*Per Curiam.* The respondent was duly charged with conduct prejudicial to the administration of justice in making repeated misleading statements and representations to a Trial Justice

on June 6, 7 and 9, 1955 in an effort to obtain the adjournment of the trial of a certain action, and with conduct toward the court not consistent with the honesty and candor required of members of the Bar. The learned Referee found that the charges were not sustained.

We find that the charges were sustained to the extent that it is clear that the respondent was not fair and candid with the court in his statements and representations in seeking the postponement of the particular trial. His conduct as a whole was evasive and equivocating. In fact, the respondent later, on the hearing before the Committee of the Bar on Grievances, took the position that he had the right to "equivocate" with the court and to "machinate" with any judge in a case believed by him to be meritorious. The respondent testified before that committee: "The important thing is that there is no mendacity. I equivocated, yes. He misconstrued, yes. I used sophistry. Of course, I did, but there is no lie. There is sophistry; and I will explain each and every item, and you will see, Mr. Rosenberry, that there may have been, that there may be a lot of sophistry and jesuitry and a lot of paralogism and double-talk, but there is no mendacity."

The conduct of the respondent was established to have been unethical and such as to be prejudicial to the proper functioning of our courts. The same constitutes professional misconduct warranting disciplinary action. Therefore, the motion to confirm the report of the learned Referee is denied and the respondent should be censured.

BOTEIN P. J., RABIN, STEVENS and EAGER, JJ., concur.

Respondent censured.